# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### CENTRAL DIVISION
### AT LEXINGTON

**CRIMINAL CASE NO. 12-88-JMH-CJS**
**CIVIL CASE NO. 17-196-JMH-CJS**

**UNITED STATES OF AMERICA**                                              **PLAINTIFF**

**v.**                          **REPORT AND RECOMMENDATION**

**RAMIRO OZUNA-GUERRERO**                                              **DEFENDANT**

\* \* \* \* \* \* \* \* \* \*

On April 24, 2017, Defendant Ramiro Ozuna-Guerrero, *pro se*, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] (R. 470). Pursuant to local practice, this matter was referred to the undersigned for preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts and for preparation of a report and recommendation.[2] *See* 28 U.S.C. § 636(b). For the reasons stated below, it will be herein recommended that Defendant's Motion be denied.[3]

---

[1]Although the Clerk of Courts received and docketed Defendant's pending § 2255 Motion on May 2, 2017, it is deemed filed on the date he deposited it in the correctional institution's internal mailing system. *See* Rule 3(d) of the Rules Governing Section 2255 Proceedings in the United States District Courts. Here, the *pro se* Motion was signed on April 24, 2017. (*See* R. 470, at 13). Accordingly, applying the prisoner mailbox rule, the Court deems his § 2255 Motion to have been filed on April 24, 2017. *See Houston v. Lack*, 487 U.S. 266, 273 (1988).

[2]Under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must "promptly examine" any § 2255 motion upon its filing. Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." *Id.*

[3]This Report and Recommendation provides Defendant notice that the District Judge may dismiss his § 2255 Motion at the preliminary review stage. Defendant may file objections to this Report and Recommendation, which constitutes his opportunity to be heard by the District Judge. *See Shelton v. United States*, 800 F.3d 292, 294-96 (6th Cir. 2015).

## I.  Procedural Background

On October 4, 2012, a federal grand jury returned a Second Superseding Indictment charging Defendant, and others, with one count of conspiracy to knowingly and intentionally distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846.[4]  (R. 155).  Defendant appeared for an arraignment hearing on October 17, 2012, with retained counsel, Attorney Sean Christopher Marcum.  (R. 193).  An interpreter was also present.[5]  After being arraigned on the Second Superseding Indictment and advised of his constitutional rights, Defendant entered a plea of not guilty.  (*Id.*).

On April 8, 2013, Attorney Marcum filed a Motion for Rearraignment (R. 288), which the Court granted, setting a rearraignment hearing for April 15, 2013.  (R. 292).  On April 15, 2013, Defendant appeared with counsel for rearraignment.  (R. 298).  Upon Defendant's request, the proceeding was continued to the next day.  (*Id.*).  Defendant again appeared with counsel on April 16, 2013, for rearraignment but denied being involved with his co-Defendants and the cocaine conspiracy.  (R. 307).  Thus, there was no change of plea and the plea agreement was not accepted by the presiding District Judge.  A three-day jury trial was set for June 13, 2013.  (*Id.*).

Trial began on June 13, 2013, as scheduled, and concluded the next day.  (R. 329; R. 330). The jury found Defendant guilty of conspiracy to distribute 5 kilograms or more of cocaine.  (R. 334).  Following Defendant's trial and prior to his sentencing hearing, the Probation Office prepared the Presentence Investigation Report (PSR).  (R. 415).  The PSR contained a summary of the facts

---

[4]The original Indictment in this case was returned by the grand jury on July 5, 2012, and did not name Defendant.  (*See* R. 1).  Defendant was first charged in a Criminal Complaint filed July 30, 2012.  He was named a defendant in this case in a Superseding Indictment filed August 2, 2012, (R. 64), followed by the Second Superseding Indictment referenced above.

[5]An interpreter was present at every court proceeding in Defendant's case.

of this case and provided the calculations under the Sentencing Guidelines that placed Defendant at a base offense level of 30. (*Id*. at 11, ¶ 27). Defendant's offense level was decreased by 2 levels for being a minor participant in the criminal activity. (*Id*. at ¶ 30). The offense level was increased 2 levels for obstruction of justice for Defendant's perjurous testimony at trial. (*Id*. at 12, ¶ 31). His total offense level was calculated to be a level 30. (*Id*. at ¶ 35). The PSR also contained an analysis of Defendant's background, including his criminal history. (*Id*. at 12-15). Defendant's criminal history qualified him for a criminal history category of I. (*Id*. at 13, ¶ 42). Based on Defendant's total offense level of 30 and criminal history category of I, his Sentencing Guidelines range was 97 to 121 months of imprisonment. (*Id*. at 16, ¶ 56). However, pursuant to 21 U.S.C. § 841(b)(1)(A), Defendant was subject to a mandatory minimum term of imprisonment of 120 months. (*Id*. at ¶ 55). Because of the 120-month mandatory minimum, the Guidelines range effectively became 120 to 121 months pursuant to U.S.S.G. § 5G1.1(c)(2). (*Id*. at ¶ 56).

Defendant appeared for sentencing on September 16, 2013. (R. 387). Defendant confirmed on the record that he had reviewed the PSR and denied having any objections to it. (R. 409, at 3). After outlining the sentencing options and hearing argument from counsel, the District Judge sentenced Defendant to 120 months of imprisonment, the statutory mandatory minimum, followed by 5 years of supervised release. (*Id*. at 9). The District Court entered its Judgment on September 17, 2013. (R. 390).

Defendant filed a timely notice of appeal. (R. 395; R. 396). He was permitted to pursue his appeal *in forma pauperis* and was appointed appellate counsel.[6] (R. 399; R. 404; R. 408). On

---

[6]The Sixth Circuit permitted Attorney Marcum, Defendant's trial counsel, to withdraw as counsel for Defendant on October 9, 2013. (R. 406).

appeal, Defendant argued that the District Court erred by failing to give a cautionary instruction to the jury about the distinction between fact and opinion testimony and that his mandatory minimum sentence was unconstitutional. (R. 427). The Sixth Circuit affirmed the District Court's Judgment on October 23, 2014.[7] (*Id.*).

On September 29, 2015, Defendant filed a document entitled "Motion for Relief from Judgment (Doc. # 390) under F. R. Civ. P. 60(b)(4), as Judgment is Void; Motion for Disqualification of all District Judges under 28 U.S.C. § 455(b)(5)(i); Request to Enter Plaintiff's Default under F. R. Civ. P. 55(a)." (R. 450). In that filing, Defendant requested the District Judge set aside the Judgment as void, disqualify himself from this matter, and enter Judgment against the United States. The District Judge denied Defendant's requests on January 25, 2016. (R. 461).

On February 12, 2016, Defendant moved to reduce his sentence by two levels pursuant to 18 U.S.C. § 3582. (R. 464). The Court denied the Motion on February 16, 2016, explaining that because Defendant's sentence of 120 months was based on a statutory minimum, he is not eligible for a sentence reduction. (R. 465).

This matter is now before the Court on Defendant's Motion pursuant to 28 U.S.C. § 2255, wherein he asserts four grounds for relief. (R. 470). Specifically, Defendant asserts three claims of ineffective assistance of counsel, alleging counsel was ineffective during plea negotiations and sentencing. (*Id.* at 5-7, 14-15). He also asserts a claim alleging that his limited knowledge of the English language and the laws prevented him from having a full understanding of what was happening in his case. (*Id.* at 9).

---

[7]Throughout his form § 2255 Motion, Defendant states that he did not file an appeal because his attorney never discussed his case with him. However, the record reveals Defendant did, in fact, file a notice of appeal and was appointed appellate counsel. (R. 395; R. 396; R. 408).

## II.    Analysis

### A.    Defendant's claims are barred by the statute of limitations.

Defendant's claims are untimely.  Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, there is a one-year statute of limitations for filing a § 2255 motion.  *See* 28 U.S.C. § 2255.  Section 2255(f) provides that the one-year limitations period for federal inmates seeking relief under this section shall run from the latest of–

> (1)    the date on which the judgment of conviction becomes final;
>
> (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In this case, the one-year limitations period began to run on the date Defendant's conviction became final.  When a defendant pursues a direct appeal but does not file a petition for certiorari with the United States Supreme Court, his judgment of conviction becomes final for § 2255 purposes upon the expiration of the 90-day period in which he could have filed a petition for certiorari.  *See Sanchez-Castellano v. United States*, 358 F.3d 424, 426-27 (6th Cir. 2004) (citing *Clay v. United States*, 537 U.S. 522, 532 (2003)).  Here, the one-year statute of limitations commenced on January 22, 2015, 90 days after the Sixth Circuit issued its October 23, 2014, Order affirming the District Court's Judgment.  Thus, Defendant had until January 22, 2016, to timely file his § 2255 Motion.

Defendant placed the pending Motion in his institution's mailing system on April 24, 2017—approximately fifteen months too late.

Thus, Defendant's filing is not timely under § 2255(f)(1). Nor has he asserted any facts that would implicate §§ 2255(f)(2), (f)(3) or (f)(4). Specifically, he does not assert: that any action by the government prevented him from making a timely motion; that the Supreme Court recognized a new right with respect to his argument for relief that has been made retroactive on collateral review; or the existence of facts affecting his case that could not have been discovered earlier through the exercise of due diligence. Therefore, Defendant has not established any basis that would render his filing timely.

Further, while the Sixth Circuit has held the one-year limitation period is not jurisdictional and, therefore, is subject to equitable tolling, *see Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001), *abrogated on other grounds by Hall v. Warden*, 662 F.3d 745 (6th Cir. 2011), Defendant has failed to demonstrate he is entitled to equitable tolling under the circumstances here. Equitable tolling permits a court to toll the statute of limitations when "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robinson v. Easterling,* 424 F. App'x 439, 442 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Courts grant equitable tolling "sparingly." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012). The defendant bears the burden of showing that he is entitled to equitable tolling by demonstrating: 1) "that he has been pursuing his rights diligently," and 2) "that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted).

Here, Defendant vaguely claims that he did not file his Motion within the one-year statute of limitations because of "poor legal advice" and because he was waiting on his attorney to "file for me what he promised to me after trial." (R. 470, at 10-11). Defendant also cites to his lack of knowledge of the English language as a basis for his late filing. (*Id*. at 10). These allegations, however, do not amount to extraordinary circumstances warranting the application of equitable tolling.

First, Defendant does not explain what legal advice he allegedly received that inhibited him from filing a timely § 2255 Motion. Nor does he identify what document he alleges his attorney (or which attorney for that matter) promised to file for him after trial. As explained above, it is Defendant's burden to establish he is entitled to equitable tolling. His vague and unsubstantiated claims of attorney error are not sufficient to meet his burden of demonstrating his failure to timely file his § 2255 Motion "unavoidably arose from circumstances beyond [his] control."

Further, to the extent Defendant is arguing that he was waiting for his attorney to file an appeal after trial, the record demonstrates Defendant did, in fact, file a timely notice of appeal. (R. 395). Shortly thereafter, the Sixth Circuit permitted Attorney Marcum to withdraw as counsel, and Defendant was appointed new counsel for purposes of representing him on direct appeal. (R. 406; R. 408). Defendant's direct appeal proceeded with the assistance of new counsel, but was ultimately unsuccessful. To the extent Defendant is arguing he did not timely file his § 2255 Motion because he was waiting for counsel to file something on his behalf after the direct appeal, there is no right to appointed counsel beyond the first appeal of a criminal conviction. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (defendant has no right to counsel when making a post-conviction attack on a conviction that has become final upon exhaustion of the appellate process). Thus, the record

does not support a finding that Defendant was precluded from timely filing his § 2255 Motion because he was waiting for counsel to file some unknown document. Nor has he established his untimely filing was a result of "poor legal advice."

Moreover, Defendant's alleged lack of knowledge of the English language does not constitute an extraordinary circumstance warranting equitable tolling. *See Cobas v. Burgess*, 306 F.3d 441 (6th Cir. 2002). In *Cobas*, the Sixth Circuit held that "[a]n inability to speak, write and/or understand English, *in and of itself*, does not *automatically* give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims." *Id*. at 444. (emphasis added). The court further stated that "where a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, that lack of proficiency is insufficient to justify equitable tolling of the statute of limitations." *Id*.

The facts of *Cobas* are similar to those of the case at bar. In *Cobas*, the petitioner filed an untimely petition under 28 U.S.C. § 2254. *Id*. at 443. While the petitioner conceded his petition was untimely, he argued the limitations period should be equitably tolled because he was unable to understand, read or write the English language. *Id*. The Sixth Circuit found the petitioner failed to show he was entitled to equitable tolling because the evidence in the record indicated the petitioner had written "a detailed letter to his appellate attorney in English in which he discussed complex legal issues in detail," and he was also able to file various post-conviction motions. *Id*. at 444.

Similarly here, Defendant also filed more than one motion for post-conviction relief prior to the filing of his § 2255 Motion. Namely, Defendant filed his "Motion for Relief from Judgment (Doc. # 390) under F. R. Civ. P. 60(b)(4), as Judgment is Void; Motion for Disqualification of all District Judges under 28 U.S.C. § 455(b)(5)(i); and Request to Enter Plaintiff's Default under F. R.

Civ. P. 55(a)" on September 29, 2015, which Motion spanned 13 pages not including exhibits.  (R. 450).  Defendant also filed a Motion for a Sentence Reduction on February 2, 2016.  (R. 464). Defendant's ability to file these Motions, as well as his present § 2255 Motion, demonstrates that his alleged unfamiliarity with the English language has not prevented him from accessing the Court. Thus, as in *Cobas*, Defendant's alleged lack of proficiency in the English language is not an extraordinary circumstance warranting equitable tolling.

Moreover, even if Defendant could demonstrate extraordinary circumstances warranting equitable tolling—through either the alleged failures of his attorney or his lack of knowledge of the English language—Defendant has not shown that he diligently pursued his rights.  Instead, Defendant waited fifteen months after the statute of limitations had expired—over two years after his Judgment became final—to file his present § 2255 Motion.  Defendant has not shown why he failed to take any steps towards filing a timely § 2255 Motion, despite the fact he was able to file other post-conviction motions during this period.[8]  Since Defendant has not demonstrated due

---

[8]As discussed above, Defendant filed two Motions for post-conviction relief prior to his § 2255 Motion.  Namely, Defendant filed: 1) a "Motion for Relief from Judgment (Doc. # 390) under F. R. Civ. P. 60(b)(4), as Judgment is Void; Motion for Disqualification of all District Judges under 28 U.S.C. § 455(b)(5)(i); Request to Enter Plaintiff's Default under F. R. Civ. P. 55(a)" (R. 450); and 2) a Motion to Reduce his Sentence pursuant to 18 U.S.C. § 3582 (R. 464).  Defendant does not argue that either of these Motions operate to toll the one-year statute of limitations.  Nor would such an argument have merit.  *See Reichert v. United States,* 101 F. App'x 13, 14 (6th Cir. 2004) (the filing of a § 3582 Motion does not toll the one-year limitation period for filing a § 2255 motion) (citing *United States v. Schwartz*, 274 F.3d 1220, 1224 (9th Cir. 2001)); *United States v. Campos*, No. S-95-0020-EJG, 2009 WL 961507, at *2 (E.D. Cal. Apr. 8, 2009) ("Nothing in section 2255 supports defendant's argument that a civil complaint and Rule 60(b) motion operate to toll the one-year statute of limitations.").

Moreover, even if the one-year limitations period were tolled during the adjudication of these Motions, it would not change the result here as Defendant's § 2255 Motion would still be untimely. Specifically, giving Defendant the benefit of all doubt, including application of the prisoner mailbox rule to all motions and the applicable period of time Defendant had to appeal each of the Court's Orders denying his Motions—*see* Fed. R. App. Pro. 4*; United States v. Brown*, 817 F.3d 486, 488-89 (6th Cir. 2016)—Defendant's one-year statute of limitations would have run on September 14, 2016.  Defendant did not file his § 2255 Motion until April 24, 2017—still more than seven months too late.

9

diligence, equitable tolling is not appropriate here. *See Humphreys v. United States*, No. 1:01-CR-193, 2008 WL 4601577, at *14 (E.D. Tenn. Oct. 14, 2008) (defendant was not entitled to equitable tolling because he made no diligent effort to file a § 2255 motion until seventeen months after his judgment of conviction became final and five months after the statute of limitations had expired); *Edwards v. United States*, No. 1:09-CV-1029, 2010 WL 4279251, at **2-3 (W.D. Mich. Oct. 25, 2010) (§ 2255 Motion filed one and a half years late was not subject to equitable tolling as defendant failed to show he was reasonably diligent in pursing his right to collateral relief); *Stovall v. United States*, No. 1:12-cv-377, 2013 WL 392467, at *3 (E.D. Tenn. Jan. 31, 2013) (rejecting request for equitable tolling of subsection (f)(1) in absence of evidence illustrating a diligent pursuit of the rights asserted).

Finally, Defendant has not asserted a claim of actual innocence, which is another avenue that may overcome the bar created by an untimely filing. *See McQuiggin v. Perkins*, __ U.S. ___, 133 S. Ct. 1924, 1928 (2013) (a claim of "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations"). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare: [A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Here, although Defendant persisted in his innocence during trial, he does not argue he is actually innocent in his § 2255 Motion or point to any new evidence in his Motion to support such a claim. Thus, Defendant cannot rely on actual innocence as a gateway through which his untimely § 2255 Motion may pass. Accordingly, finding Defendant's claims to be untimely and not subject

to either equitable tolling or the actual innocence exception, it will be recommended that Defendant's § 2255 Motion be denied.

**B.      Defendant's Claims Lack Merit.**

Even if Defendant's claims were not time barred, they fail on the merits. Under 28 U.S.C. § 2255(a), a federal prisoner may seek habeas relief on grounds that his conviction or sentence violated the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a). A § 2255 motion does not have to be founded on constitutional error or even federal law. *Watt v. United States*, 162 F. App'x 486, 502-03 (6th Cir. 2006). However, to succeed on a § 2255 motion alleging constitutional error, a defendant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). To obtain relief under § 2255 for a nonconstitutional error, a defendant must establish either a fundamental defect in the criminal proceedings which inherently resulted in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process. *See Riggs v. United States*, 209 F.3d 828, 831 (6th Cir. 2000), *abrogated on other grounds as recognized by Kumar v. United States*, 163 F. App'x 361 (6th Cir. 2006); *see also Hicks v. United States*, 122 F. App'x 253, 256 (6th Cir. 2005); *McNeal v. United States*, 17 F. App'x 258, 260-61 (6th Cir. 2001).

In sum, a defendant must allege in his § 2255 motion that: (1) his conviction was the result of an error of constitutional magnitude; (2) his sentence was imposed outside of statutory limits; or (3) there was an error of law or fact so fundamental as to render the proceedings invalid. *Pough v.*

11

*United States*, 442 F.3d 959, 964 (6th Cir. 2006) (citing *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).  A defendant must prove his allegations by a preponderance of the evidence. *Pough*, 442 F.3d at 964.

### 1.    Ineffective Assistance of Counsel Claims

Defendant presents three grounds for relief that he identifies as ineffective assistance of counsel claims.  Although difficult to discern, it appears Defendant is arguing that his counsel provided constitutionally deficient performance by: forcing him to go to trial when Defendant wanted to accept the Government's plea offer; failing to argue for a sentence below the mandatory minimum; and failing to properly advise him on how sentencing disparities are analyzed by the Court and/or failing to argue that a sentence of 120 months was disparately high.  As discussed below, Defendant's arguments lack merit.

To successfully assert an ineffective assistance of counsel claim, a defendant must prove deficient performance and prejudice.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Pough v. United States*, 442 F.3d 959, 964 (6th Cir.2006) (noting that a defendant must prove ineffective assistance of counsel by a preponderance of the evidence).  In order to prove deficient performance, a defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Strickland*, 466 U.S. at 687.  A defendant meets this burden by showing "that counsel's representation fell below an objective standard of reasonableness" as measured under "prevailing professional norms" and evaluated "considering all the circumstances."  *Id*. at 688.  Judicial scrutiny of counsel's performance, however, is "highly deferential," consisting of a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id*. at 689.  Notably, "[a] fair

assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*.

In order to prove prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691. When evaluating prejudice, courts generally must take into consideration the "totality of the evidence before the judge or jury." *Id*. at 695. Courts may approach the *Strickland* analysis in any order, and an insufficient showing on either prong ends the inquiry. *Id*. at 697.

### a.    The record refutes Defendant's allegation that his attorney forced him to go to trial rather than accept the plea offer.

Defendant argues Attorney Marcum made him go to trial despite the fact that Defendant wanted to take the plea offer and was insisting that he did not want to go to trial. (R. 470, at 5). Defendant claims he told his attorney he was happy with the 36 months offered by the Government in exchange for his guilty plea and that he wanted to sign the plea agreement. (*Id*. at 5, 9). Defendant argues that instead of allowing Defendant to sign the plea agreement, Attorney Marcum made him go to trial against his will. (*Id*. at 5). This argument is directly refuted by the record.

The record reveals that after arraignment but prior to trial, Attorney Marcum filed a Motion for Rearraignment on Defendant's behalf to allow him to enter a plea of guilty pursuant to a plea agreement. (R. 288). The presiding District Judge set the Motion for a rearraignment hearing on April 15, 2013. (R. 291; R. 292). On April 15, 2013, Defendant appeared with counsel for rearraignment. (R. 298). At that time, Attorney Marcum orally moved to continue the hearing until

the next day, which oral motion was granted. (*Id*.). Defendant appeared again with counsel for a rearraignment hearing on April 16, 2013. (R. 307). The Criminal Minutes entered after this hearing state, "Defendant appeared with counsel for rearraignment in this matter. Defendant denied being involved with defendants and cocaine. Plea agreement not accepted. JURY TRIAL set for June 13, 2013, at 9:00 a.m. for 3 days." (*Id*.).

The foregoing evidence refutes Defendant's argument that Attorney Marcum forced him to go to trial instead of pleading guilty. In fact, Attorney Marcum filed a Motion for Rearraignment so that Defendant could come before the Court to enter a plea of guilty pursuant to a plea agreement offered by the Government. When presented with the opportunity to plead guilty in this matter, Defendant denied his involvement in the cocaine conspiracy. As such, the presiding District Judge did not accept the plea agreement and, instead, a trial was set. An interpreter was present at this proceeding to ensure Defendant understood what was happening.

Moreover, the transcript from Day 2 of Defendant's trial also refutes Defendant's claim that his attorney denied him the opportunity to enter into a plea agreement with the Government. Before the jury was brought into the courtroom, defense counsel and the Attorney for the Government discussed with the District Judge on the record the fact that the Government had extended another plea offer to Defendant that morning. (R. 411, at 2-3). Attorney Marcum stated, with the assistance of an interpreter, that he had discussed the terms of the plea offer with Defendant in comparison to the potential penalty ranges Defendant faced if he were convicted at trial, and Defendant "again chose to reject the offer." (*Id*. at 3). Attorney Marcum informed the Court that Defendant had signed a document confirming that defense counsel had discussed the plea offer and potential penalty ranges with him. (*Id*. at 2). This on the record discussion further contradicts Defendant's assertion

14

that he wanted to take the 36-month offer, but counsel forced him to go to trial. Defendant had the opportunity to plead guilty before trial at the rearraignment hearing and was given a second chance to enter into a plea agreement with the Government prior to the rendering of a verdict at trial. The record supports a finding that counsel did not inhibit Defendant from pleading guilty and, in fact, relayed the plea offers to Defendant. Defendant maintained his innocence and refused to accept the plea offers. Accordingly, the record refutes Defendant's claim that counsel forced him to go to trial and he is not entitled to § 2255 relief on this ground.

### b. The record refutes any claim that counsel did not argue for a sentence below the mandatory minimum.

Defendant's second argument is difficult to discern. While Ground 2 is labeled an ineffective assistance of counsel claim, as "supporting facts" Defendant recites verbatim an excerpt from a document entitled "Statement of Judge Patti B. Saris Chair, United States Sentencing Commission For the Hearing on 'H.R. 3713, Sentencing Reform Act of 2015' Before the U.S. House of Representatives Judiciary Committee" dated November 18, 2015. The statement appears to support a reduction of mandatory minimum sentences in certain circumstances.[9] Defendant does not otherwise set forth any argument or facts in support of his claim. Defendant bears the burden to

---

[9]Defendant did not refer to this particular document or provide it as an exhibit to his § 2255 Motion. The Court discovered the document upon conducting an internet search. (Available at: http://www.ussc.gov/sites/default/files/pdf/news/congressional-testimony-and-reports/submissions/20151117_HR3713.pdf). It appears that the document is a statement of the Chair of the United States Sentencing Commission in support of proposed legislation entitled H.R. 3713, the Sentencing Reform Act of 2015. According to the Statement, Section 4 of H.R. 3713 aims to lessen drug mandatory minimums by permitting qualifying offenders who are currently subject to the 10-year mandatory minimum penalty to be subject to a 5-year mandatory minimum as an alternative. According to Congress's website, H.R. 3713 was introduced in October 2015, went through committee consideration, was reported and then placed on a calendar for floor consideration on December 23, 2016. The bill has not been enacted into law. *H.R. 3713 - Sentencing Reform Act of 2015, 114th Congress (2015-2016), All Actions H.R.3713,* Congress.gov, https://www.congress.gov/bill/114th-congress/house-bill/3713/all-actions?overview (last visited June 30, 2017).

"'articulate sufficient facts to state a viable claim for relief under 28 U.S.C. § 2255.'" *United States v. Gallion*, No. 2:07-cr-39-DCR-01, 2014 WL 2218361, at \*14 (E.D. Ky. May 27, 2014) (quoting *Milburn v. United States*, 2013 WL 1120856, at \*1 (E.D. Tenn. Mar. 18, 2013)).  Because Defendant simply quotes a document, without explanation or argument, he has failed to provide any "substantiating allegations of specific facts." *Gallion*, 2014 WL 2218361, at \*14.  Consequently, he has not met his burden and is not entitled to § 2255 relief on this claim.  *See also O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) ("When a motion is made to vacate or set aside a judgment under Section 2255, the movant must set forth facts which entitle him to relief. Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to [even] warrant a hearing."); *Ryals v. United States*, Nos. 1:05-CV-238, 1:03-CR-176, 2009 WL 595984, at \*5 (E.D. Tenn. Mar. 6, 2009) ("The burden is on [defendant] to articulate and plead sufficient facts to state a claim under § 2255 . . . Because [defendant's] § 2255 motion merely asserts a vague, general conclusion without sufficient substantiating allegations of fact, the motion fails to state a viable claim and is without merit.").

Moreover, to the extent Defendant's claim can be interpreted as alleging that his counsel was ineffective for not presenting argument challenging the imposition of the mandatory minimum sentence in this matter, such a claim is without merit.  At sentencing, Attorney Marcum presented argument on behalf of Defendant, emphasizing the minimal role Defendant played in the conspiracy, his lack of criminal history, and his stable employment history.  (R. 409, at 5-7).  Counsel requested the District Judge consider going below the Guidelines range by imposing a term of imprisonment less than 120 months.  (*Id*. at 6).  After hearing from counsel, the District Judge explained to Defendant that the Court was bound by the statutory mandatory minimum and he "would violate

[his] oath as a judge" if he sentenced Defendant below the 120-month minimum without a motion from the Government, which did not exist. (*Id*. at 8-9). Thus, the record reveals that Attorney Marcum did, in fact, argue for a sentence below the 120-month mandatory minimum.

In addition, even if Defendant could show deficient performance by his attorney in this regard, Defendant has not shown he was prejudiced by such performance. The District Judge explained why he could not impose a sentence below 120 months, regardless of what Defendant or his counsel requested. As a result, Defendant has failed to show, but for his counsel's alleged deficiencies, the result of his proceeding would have been different. *See Strickland*, 466 U.S. at 694; *United States v. Clark*, No. 5:13-7276-DCR-HAI, 2014 WL 2154677, at **6-7 (E.D. Ky. May 22, 2014) (defendant cannot establish the prejudice prong of his ineffective assistance of counsel claim because he failed to show, but for his counsel's alleged deficiencies, there was a reasonable probability that he would have received less than the statutory mandatory minimum sentence). Thus, Defendant has not demonstrated either deficient performance or prejudice and his claim in this regard fails.

Finally, to the extent Defendant is requesting the Court apply the Sentencing Reform Act of 2015 or otherwise reduce his 120-month mandatory minimum sentence, such relief is not available here. As previously noted, H.R. 3713, also known as the Sentencing Reform Act of 2015, has not been enacted into law. (*See* fn. 9 herein). Even if it had been enacted and was applicable to defendants presently charged with violations of 21 U.S.C. § 841, there would still be a question as to whether it could be applied retroactively to Defendant here, in the context of a § 2255 motion filing. Moreover, as the law now stands, the mandatory minimum sentence imposed on Defendant under 21 U.S.C. § 841(b)(1)(A) has not been amended or reduced since Defendant was convicted

17

and sentenced in 2013.[10]  Thus, there is no legal basis to support Defendant's request.  As a result, Defendant has not shown he is entitled to the relief he seeks.

> c.    **Defendant has not shown that his counsel was ineffective for failing to properly advise him on how sentencing disparities are analyzed by the Court and/or for failing to argue Defendant's sentence was disparately high.**

Defendant's third argument is also difficult to decipher.  Defendant identifies his third ground as an ineffective assistance of counsel claim and then quotes verbatim an excerpt from a Seventh Circuit case, *United States v. Vega-Carrillo*, 530 F. App'x 577 (7th Cir. 2013), on the issue of sentencing disparities.[11]  In the excerpt from *Vega-Carrillo*, the Seventh Circuit explains that while district courts must consider the need to avoid unwarranted sentencing disparities, the sentencing factor requiring such consideration applies exclusively to disparate sentences among judges or districts and not among codefendants.  *Vega-Carrillo*, 530 F. App'x at 579-80.  After quoting the excerpt, Defendant does not present any argument or allege any facts as to why the excerpt supports his request for relief under § 2255.  Instead, Defendant "asks the Court for a new attorney to helped [sic] me in my case because I got stuck with 120 months without any further consideration for any sentence reduction because attorney was ineffective legal assistance [sic]."  (R. 470, at 15).  Defendant again fails to "'articulate sufficient facts to state a viable claim for relief under 28 U.S.C. § 2255.'"  *See Gallion*, 2014 WL 2218361, at *14 (quoting *Milburn*, 2013 WL 1120856, at *1).  As such, he has failed to meet his burden under § 2255 and is not entitled to habeas relief.

---

[10]The version of 21 U.S.C. § 841 currently in effect became effective August 3, 2010.  Thus, 21 U.S.C. § 841 has not been amended since Defendant was convicted and sentenced in 2013, and the same 120-month statutory mandatory minimum penalty imposed upon Defendant still exists today.

[11]The Defendant did not cite to this case in his § 2255 Motion.  The Court located the case by conducting a search on Westlaw.

To the extent the excerpt from *Vega-Carrillo* is Defendant's attempt to argue that Attorney Marcum provided ineffective assistance in either failing to properly advise him on how courts analyze sentencing disparities or failing to argue for a lower sentence based on an unwarranted sentencing disparity here, he has not met his burden.  First, Defendant has not established deficient performance by counsel in this regard.  Defendant has not offered any examples of similarly situated defendants on a district or national level to support his argument that the sentence imposed here created an unwarranted sentencing disparity.  Without such evidence, Defendant cannot demonstrate a valid argument was available or that the sentence imposed on him was disparately high.  *See United States v. Simmons*, 501 F.3d 620, 626 (6th Cir. 2007) (defendant's proffer of a single example of an alleged similarly situated defendant who received a lesser sentence was insufficient to show an unwarranted sentencing disparity); *United States v. Maradiaga-Larios*, 547 F. App'x 935, 937 (11th Cir. 2013) (defendant, who failed to identify any similarly situated defendants who received substantially lower sentences than his, did not show an unwarranted sentencing disparity); *United States v. Anderson*, 580 F.3d 639, 652 (7th Cir. 2009) (same).  As a result, Defendant has not demonstrated his attorney performed deficiently in failing to properly advise him on the subject or in failing to argue at sentencing that the 120-month sentence imposed was disparately high.

Moreover, Defendant has not shown prejudice in this regard.  That is, Defendant has not shown, but for his attorney's alleged failures, there is a reasonable probability Defendant would have received a lesser sentence.  As discussed above, the presiding District Judge explained on the record at sentencing that, without a motion from the Government, he was required to impose the statutory mandatory minimum of 120 months imposed in this matter.  The District Judge specifically stated that imposition of a sentence under the mandatory minimum in these circumstances would constitute

a violation of his oath as a Judge.  Thus, the record reveals that even had Attorney Marcum argued that Defendant should be given a lesser sentence in order to avoid unwarranted sentencing disparities, the Court would have rejected the argument and imposed the same 120-month sentence Defendant received.  Accordingly, Defendant cannot show he was prejudiced under *Strickland* and he is not entitled to relief on this basis.

As for Defendant's request for counsel contained in Ground 3, the court appoints counsel to represent a defendant in habeas proceedings only in limited circumstances.  Specifically, the Criminal Justice Act provides: "[w]henever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28."  *See* 18 U.S.C. § 3006A(a)(2)(B).  As indicated by the permissive language of the statute, no constitutional right to counsel exists in a habeas proceeding.  *See Post v. Bradshaw*, 422 F.3d 419, 425 (6th Cir. 2005) (recognizing that a petitioner has no right to counsel in a habeas proceeding) (citing *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991)).  Accordingly, the decision to appoint counsel in a § 2255 proceeding is solely within the discretion of the court, and counsel should be appointed only if justice so requires.  *See United States v. Thornton*, Civ. No. 06-459-DCR, 2007 WL 1741780, at *1 n.1 (E.D. Ky. May 25, 2007), *report and recommendation adopted*, 2007 WL 1742160 (E.D. Ky. June 12, 2007).

Here, the Court's review of Defendant's § 2255 Motion reveals that it presents no unusual complexities, problems, or conflicts requiring appointment of counsel.  Moreover, Defendant has shown, through his prior post-conviction motions and his current § 2255 Motion, that he is capable of presenting his legal issues to the Court.  Because Defendant has failed to demonstrate that justice

requires appointment of counsel, the Court will recommend Defendant's request for counsel be denied.

### 2.    Non-Ineffective Assistance of Counsel Claim

In this fourth and final ground for relief, Defendant alleges that his limited knowledge of the English language and the laws prevented him from having a full understanding of what was happening in his case. (R. 470, at 5). In particular, Defendant claims that the language barrier hindered his ability to fully understand the fact that he was going to trial. (*Id*.). He again claims he did not want to go to trial but, instead, wished to plead guilty. (*Id*.). This claim also fails.

A review of the record reveals that an interpreter was present at every proceeding to ensure Defendant understood what was happening in his case. (*See* R. 193; R. 298; R. 307; R. 323; R. 329; R. 330; R. 387). Defendant does not argue he was unable to understand his interpreter and, in fact, the transcripts of Defendant's trial and sentencing would rebut such a claim. Defendant testified at trial with the interpreter's assistance and did not appear to have any difficulty. (R. 411, at 58-74). While on the stand, Defendant appropriately answered the questions asked without indication of confusion or a lack of comprehension.

Further, as discussed above, despite Defendant's contentions, he was given an opportunity to plead guilty instead of going to trial, but persisted in his innocence and rejected the plea offer. (*See* R. 298). The District Judge set this matter for trial after Defendant refused to admit guilt at the rearraignment hearing. Defendant was offered a second opportunity to plead guilty during his trial. Attorney Marcum told the District Judge that he had explained the offer to Defendant along with the

potential penalties Defendant faced if convicted by the jury at trial.[12]  (R. 411, at 2-3).  Defendant

again chose to reject the offer.  These facts in the record contradict Defendant's present claim that

he did not have a full understanding of what was going on in his case, including his claim that he did

not understand he would be going to trial and, instead, had wished to plead guilty.  Accordingly,

Defendant's fourth ground for relief fails on the merits and does not warrant § 2255 relief.

## III.    Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, the district

court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to

the applicant.  A certificate may issue only if a defendant has made a substantial showing of the

denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the

requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack*

*v. McDaniel*, 529 U.S. 473, 484 (2000) (addressing issuance of a certificate of appealability in the

context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal

force to motions to vacate brought pursuant to 28 U.S.C. § 2255).  In cases where a district court has

rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims debatable

or wrong."  *Id*.  "When a district court denies a habeas petition on procedural grounds without

reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner

shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim

---

[12]The Court further notes that the Indictments contained a "Penalties" section providing that conspiracy to distribute 5 kilograms or more of cocaine carried a sentence of "[n]ot less than 10 years imprisonment."  (R. 64; R. 155).  It is the Court's practice to review the potential penalties included in the indictment with a defendant at arraignment.  Thus, Defendant was aware of the potential penalties he faced if convicted.

of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of the Defendant's § 2255 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it will be recommended that a certificate of appealability be denied upon the District Court's entry of its final order in this matter.

## IV.    Conclusion and Recommendation

Accordingly, for the reasons stated above, **IT IS RECOMMENDED** that:

1.    Defendant Ozuna-Guerroro's § 2255 Motion (R. 470), including his request for appointment of counsel be **denied**;

2.    a Certificate of Appealability on the claims arising under 28 U.S.C. § 2255 be **denied** by the District Court in conjunction with the Court's entry of its final order;

3.    Judgment in favor of the United States be entered contemporaneously with the District Court's entry of its final order; and,

5.    this action be stricken from the active docket of the Court.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally

will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 950 (6th Cir. 1981).

This the 30th day of June, 2017.



**Signed By:**

**_Candace J. Smith_**

**United States Magistrate Judge**

J:\DATA\habeas petitions\2255 prelim review\12-88-JMH Ozuna-Guerrero R&R.final.wpd

24